Dear Mr. Naquin:
Your request for an Attorney General's Opinion concerning information provided to school board members about recommended candidates for hire has been assigned to me for research and reply.
More specifically, you have asked our office whether it is proper for the school board's administration to identify the race of recommended candidates for hire when providing school board members with the list of names to approve or deny.
Louisiana law provides that:
It shall be unlawful discrimination in employment for an employer to engaged in any of the following practices:
[...]
Intentionally limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, or national origin.
La.R.S. 23:332(A)(2).
Similarly, Title VII of the Civil Rights Act of 1964, more specifically, 42 U.S.C.A. § 2000e- 2(a)(2), Employer practices, provides: *Page 2 
It shall be an unlawful employment practice for an employer —
[. . .]
to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.
The United States Supreme Court has stated that "[d]istinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality." Regents of the University ofCalifornia v. Bakke, 438 U.S. 265, 290-91 (1978), quotingHirabayahshi v. United States, 320 U.S. 81,100 (1943).
With respect to pre-employment inquiries, the U.S. Equal Employment Opportunity Commission (EEOC) advises:
In general, it is assumed that pre-employment requests for information will form the basis for hiring decisions. Therefore, employers should not request information that discloses or tends to disclose an applicant's race unless it has a legitimate business need for such information. If an employer legitimately needs information about its employees' or applicants' race for affirmative action purposes and/or to track applicant flow, it may obtain the necessary information and simultaneously guard against discriminatory selection by using a mechanism, such as "tear-off" sheets. This allows the employer to separate the race-related information from the information used to determine if a person is qualified for the job.[1]
Therefore, the law does not provide a per se prohibition against making an inquiry into a potential candidate's race, and there may be situations where there is a legitimate need for such an inquiry. Absent such a legitimate reason for providing such information to the board members, this office advises against providing the school board members with a list which identifies the race of recommended candidates for hire, as this practice could unnecessarily expose the school board to liability. An argument could be made that this classification aided in forming the decision as to whether or not to hire an individual of a certain race.
In light of the above, this office advises against identifying the race of recommended candidates for hire when the school board administration provides the school board members with the list of names for the members' approval or denial. As such *Page 3 
information could be viewed as a factor in the decision to approve or deny the recommendation to hire, the inclusion could arguably be interpreted as employing discriminatory hiring practices.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Emalie A. Boyce Assistant Attorney General
JDC:EAB
[1] http://www.eeoc.gov/laws/practices/inguiries race.cfm, last visited on August 26, 2010.